# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DONNA WHITE,<br>Plaintiff, | Case No. 1:17-cv-212<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| GE HEALTHCARE, INC. et al.,<br>Defendants. | **ORDER** |

On October 18, 2018, the Court entered a Calendar Order establishing a discovery deadline of March 7, 2019. (Doc. 41). On February 25, 2019, plaintiff propounded her First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission on defendant. (Doc. 49). Under the Court's Standing Order on Civil Procedures:

> The deadline for discovery will be set in the Calendar Order. Discovery requests must be made at such time that responses thereto are due before the discovery deadline. For example, if the time for response to a discovery request under the appropriate rule is 30 days, the discovery request must be made at least 30 days before the discovery deadline.

Defendant noted that plaintiff's late submission of her discovery requests violated the Court's Standing Order and objected to any extension of the discovery deadline.

In view of plaintiff's pro se status and unfamiliarity with the rules, the Court granted plaintiff a 30-day extension of the discovery deadline and ordered defendant to re-produce to plaintiff the documents that were previously produced to plaintiff's former attorney. (Doc. 52). The Court also ruled that defendant was not obligated to answer plaintiff's discovery requests, including interrogatories, requests for admission, and requests for production of documents. (*Id.*). Plaintiff was advised that she could address any deficiencies in the discovery and whether she is entitled to additional discovery at a scheduled follow-up status conference. (*Id.*).

This matter is before the Court following a telephone status conference held on April 8,

2019. Defendant has provided plaintiff with all of the discovery materials previously provided to her attorney. Defendant argues that most, if not all, of plaintiff's interrogatories can be answered by a review of the documents it has provided. At the conference, plaintiff was not able to identify specific interrogatories that have not already been addressed by the production of documents or shown good cause for requiring defendant to answer the belatedly propounded interrogatories. Nevertheless, in light of plaintiff's pro se status and over defendant's objection, the Court granted plaintiff an additional extension of time to identify specific interrogatories that she believes are not addressed by the production of documents. For the reasons stated on the record at the status conference, the Court hereby **ORDERS** the following:

1. Plaintiff shall file a submission, in writing, identifying the specific interrogatories that she believes were not answered in the production of documents previously provided by defendants and the factual basis for that belief. Plaintiff shall file the submission no later than **April 29, 2019**. Defendants shall file a response to plaintiff's submission by **May 13, 2019**. Plaintiff shall file a reply to the response by **May 20, 2019**. A Court Order on the remaining discovery issues will follow.

2. Plaintiff shall have an additional **thirty (30) days** to depose the treating nephrologist who she believes has relevant information to this matter. Plaintiff shall coordinate the timing of the deposition with defense counsel's schedule.[1]

**IT IS SO ORDERED.**

Date: 4/8/19

Karen L. Litkovitz
United States Magistrate Judge

---

[1] The Court notes that the additional deposition was granted over defendants' objection.