# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DONNA WHITE,<br>Plaintiff, | Case No. 1:17-cv-212<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| GE HEALTHCARE, INC. et al.,<br>Defendants. | **ORDER AND REPORT AND RECOMMENDATION** |

Proceeding pro se, plaintiff Donna White brings this action against defendant GE Healthcare individually and as the administrator for the estate of Constance Lowe. This matter is before the Court on plaintiff's motion for an extension of time to file expert witness disclosures (Doc. 66) and defendant's response in opposition (Doc. 69), as well as defendant's motion to strike plaintiff's expert witness disclosures (Doc. 70). This matter is also before the Court on plaintiff's motion for leave to amend her complaint to add new party defendants (Doc. 67), defendant's response in opposition (Doc. 68), and interested parties Drs. John Hergenrother and Gregory Stephens' response in opposition (Doc. 72).

## I. Motion for Extension of Time to File Expert Witness Disclosures (Doc. 65)

On August 2, 2019, plaintiff moved for an extension of time to file expert witness disclosures, arguing that she continues to endure financial hardships and physical injuries as a result of her accident in May 2019. (Doc. 65). That same day, plaintiff filed an expert disclosure list naming two physician experts. (Doc. 66).

Defendant opposes plaintiff's motion for an extension of time, arguing that it would cause further prejudice to GE as this case has been pending for two and a half years without yet reaching the point of expert disclosures. (Doc. 69 at 4). Defendant argues that plaintiff's repeated extensions for discovery and failure to disclose experts have inhibited GE from fully

formulating its defense and have delayed GE's ability to pursue a dispositive motion. (*Id.*).

On June 4, 2019, this Court granted plaintiff an additional sixty days until August 5, 2019 to conduct the deposition of Dr. Hergenrother, the treating nephrologist, and to file expert witness disclosures and submit expert reports in light of plaintiff's representation that she was seriously injured in a car accident. (Doc. 61). The Court noted, in bold print, that no further extensions of time would be granted. (*Id.*). Before this Order, in light of plaintiff's pro se status, the Court extended the discovery deadline to April 4, 2019 and granted plaintiff numerous other discovery-related extensions, including extensions to depose the treating nephrologist and identify interrogatories that she believed were not answered in the production of documents previously provided by GE. (Docs. 52, 56). Consistent with this Court's June 4, 2019 Order, plaintiff's motion is not well-taken. As defendant argues, this case has been pending for over two years and granting plaintiff further extensions of time for discovery would be contrary to the interests of judicial economy and fairness to defendant, and it would needlessly delay a resolution of this matter. Plaintiff's motion for an extension of time to file expert witness disclosures (Doc. 65) is therefore **DENIED**.

## II. Defendant's Motion to Strike (Doc. 70)

Defendant moves to strike plaintiff's expert witness disclosures that were filed on the docket on August 2, 2019. (Doc. 70). Defendant argues that these disclosures fail to meet the basic requirements of Federal Rule of Civil Procedure 26(a)(2)(B) because they simply list the names of two purported experts with no further information. (*Id.*). Plaintiff has not filed a response in opposition to this motion.

Pursuant to Rule 26, expert disclosures "must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to

provide expert testimony in the case. . . ." Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following information: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). With regard to experts not retained or specially employed to provide expert testimony in a case (i.e., treating doctors), the mere disclosure of the expert's identity is not enough. *Ogle v. Koorsen Fire & Sec., Inc.*, 336 F. Supp. 3d 874, 877 (S.D. Ohio 2018). Disclosure of a non-retained expert's identity must be accompanied by: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705, and (2) a summary of the facts and opinions to which the witness is expected to testify. *Id.* (citing Fed. R. Civ. P. 26(a)(2)(C)).

As stated above, the deadline for plaintiff to file expert witness disclosures and submit expert reports expired on August 5, 2019. The Court determined that no further extensions of time would be granted. Plaintiff's timely expert disclosures filed on the Court's docket on August 2, 2019 provide only the names of two doctors: Dr. Catherine Patterson and Dr. Richard Semelka. It is not clear whether these doctors are retained experts or non-retained treating physicians. In the absence of any additional information, the expert disclosures provided by plaintiff fall short of the requirements provided in Fed. R. Civ. P. 26(a)(2)(B) for those witnesses "retained or specially employed to provide expert testimony in the case," as well as the requirements for non-retained experts outlined above. Giving plaintiff yet another opportunity to

make complete expert disclosures would "disrupt the orderly flow of litigation" and prejudice defendant for the reasons stated above. *See Ogle*, 336 F. Supp. 3d at 881 (quoting *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 454 (E.D. Mich. 2017)). Accordingly, defendant's motion to strike plaintiff's expert witness disclosures (Doc. 70) is **GRANTED**. The Clerk is directed to **STRIKE** these disclosures (Doc. 66) from the docket.

### III. Motion for Leave to Amend (Doc. 67)

Plaintiff moves to amend her complaint a second time[1] to add new party defendants, including: Bracco Diagnostic, Inc., The Christ Hospital, Dr. John Hergenrother, Dr. Douglas Collins, Dr. Gregory W. Stephens, Dr. Thomas A. Brown, and Dr. Phillip J. Munschauer. (Doc. 67). Plaintiff did not provide a memorandum arguing good cause in support of her motion and instead filed the proposed second amended complaint on the docket. (*Id.*).

Defendant GE Healthcare opposes plaintiff's motion, arguing that plaintiff's motion is extremely delayed and prejudicial. Defendant argues that discovery is closed, and it has defended this matter and established its defenses for years based upon plaintiff's nephrogenic systemic fibrosis ("NSF") allegations related to a single magnetic resonance scan with Omniscan in 2005. (Doc. 68 at 1). Defendant contends that plaintiff's motion "seeks to completely upend the entire factual underpinnings of this suit, changing the number of MRI scans, introducing a new gadolinium-based contrast agent ("GBCAs") manufacturer, and bringing medical malpractice claims." (*Id.*). Defendant summarizes plaintiff's amended complaint as follows:

> Plaintiff has sought leave to amend to allege (1) new products liability claims against Bracco Diagnostics, Inc. ("Bracco") for the use of its product in an MRA [magnetic resonance angiography] procedure performed on Plaintiff on or around January 9, 2007; (2) a wrongful death claim against Bracco, The Christ Hospital of Cincinnati ("The Christ Hospital"), and various doctors [Drs. Hergenrother, Munchauer, Brown, Stephens, and Collins] employed by The Christ Hospital; (3)

---

[1] Plaintiff was granted to leave to file an amended complaint in June 2017. (Doc. 18). Plaintiff's amended complaint (Doc. 19) remains the operative complaint in this matter.

4

two medical malpractice claims against the various doctors employed by The Christ Hospital; and (4) negligent hiring, retention, training, and supervision claims against The Christ Hospital.

(*Id.* at 3). Defendant argues that these new parties and claims are unrelated to the claims pending against GE arising out of Ms. Lowe's March 2005 scan. (*Id.* at 4). Defendant also argues that plaintiff has not exercised due diligence and has engaged in undue delay in attempting to amend her complaint. (*Id.* at 7-8). Finally, defendant argues that plaintiff's proposed amended claims are futile because they are barred by the applicable statutes of limitation. (*Id.* at 8-9). Interested parties Drs. Hergenrother and Stephens likewise argue that plaintiff's medical malpractice claims against them are barred by the one-year statute of limitations. (Doc. 72 at 1-2).

Fed. R. Civ. P. 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff wishes to amend the complaint after the 21-day period has expired, it must obtain written consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178 (1962). However, "[i]n deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Rule 20 governs permissive joinder. It provides that persons may be joined in one action

5

as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Courts also consider the Rule 15(a) factors governing amendments to pleadings when determining whether joinder of new parties is appropriate. *Dottore v. Nat'l Staffing Servs., LLC*, No. 3:06-cv-01942, 2007 WL 2114668, at *3 (N.D. Ohio July 20, 2007).

Plaintiff's motion for leave to file a second amended complaint should be denied. The Court agrees with defendant that plaintiff's proposed amendments at this stage in the proceedings are unduly prejudicial to defendant. As an initial matter, plaintiff has not attempted to establish good cause for her filing of the second amended complaint after this case has been ongoing for over two years, the discovery deadline has passed, and the deadline for expert witness disclosures has expired. Plaintiff's proposed amendments to the complaint are far from minimal and would alter the course of the litigation and defense. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (denying motion to amend where discovery would have to be reopened and a new defense would be necessary to defeat the new claim). Plaintiff's proposed amended claims reach far beyond the facts and claims alleged in her amended complaint that Ms. Lowe was injected with Omniscan during a March 2005 scan and began developing symptoms of Nephronic Systemic Fibrosis or Nephrogenic Fibrosing Dermopathy ("NSF/NFD") as a result. (*See* Amended Complaint, Doc. 19). For example, plaintiff seeks to add claims related to Constance Lowe's January 2007 scan where she received contrast dyes allegedly produced by Bracco Diagnostics, Inc. and allegedly administered by radiologist Dr. Munschauer. (Doc. 67 at ¶ 32). Plaintiff seeks to add medical malpractice claims related to this

scan, as well as the March 2005 scan alleged in the amended complaint. Further, as defendant argues, the proposed second amended complaint seeks to raise allegations concerning gadolinium deposit disease ("GDD"), which is a condition that has not been brought up in the litigation thus far and is a condition that has not been credited by the medical and scientific communities. (Doc. 68 at 6).

Moreover, plaintiff's motion to file a second amended complaint should be denied on the basis that the proposed amendments could not withstand a motion to dismiss and would therefore be futile. Plaintiff's medical malpractice claims against Drs. Hergenrother, Collins, Stephens, Brown, and Muschauer are barred by the one-year statute of limitations. Ohio Rev. Code § 2305.113(A). In addition, plaintiff's claims for negligent hiring and retention and negligent training and supervision are barred by the two-year statute of limitations for negligence claims contained in Ohio Rev. Code § 2305.10. *See Brown v. Holiday Inn Express & Suites*, 118 N.E.3d 1021, 1026 (Ohio Ct. App. 2018). As plaintiff alleges that Ms. Lowe was given a diagnosis of NSF in April 2015 and died in May 2015, the statute of limitations for these claims expired in May 2016 and May 2017 respectively. Accordingly, plaintiff's motion for leave to amend the complaint (Doc. 67) should be **DENIED**.

## IV. Issue Concerning Plaintiff's Pro Se Representation of the Estate

The Court acknowledges the argument presented by interested parties Drs. Hergenrother and Stephens that plaintiff may be engaged in the unauthorized practice of law by representing the estate of Constance Lowe pro se and without a licensed attorney. (Doc. 72 at 2-3). Indeed, the Sixth Circuit has held that "a personal representative may appear pro se on behalf of an estate *only* if he or she is the sole beneficiary of the estate and the estate has no creditors." *Estate of Bessette v. Wilmington Tr., N.A.*, No. 17-1199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017)

(citing *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015)) (emphasis added). The purpose of this rule is to protect third parties. *Bass*, 788 F.3d at 230.

In this case, Ms. White has not yet shown that she is the sole beneficiary of the Estate of Constance Lowe and that the Estate lacks creditors. If plaintiff is not the sole beneficiary and/or the Estate has creditors, plaintiff cannot continue to litigate this action as a pro se litigant on behalf of others' interests and must proceed through an attorney. Plaintiff is therefore **ORDERED** to **SHOW CAUSE**, in writing, within **twenty (20) days** demonstrating that she is the sole beneficiary of the Estate of Constance Lowe and that the Estate lacks creditors. *See Brown v. Stroud*, No. 08-cv-02348, 2014 WL 1308342, at *8 (N.D. Cal. Mar. 31, 2014) (noting, as background, that the plaintiff was ordered to show cause in writing whether she intended to appear pro se or through new counsel, and, if she intended to proceed pro se, to demonstrate that she was the sole beneficiary to the estate and that there were no other beneficiaries or creditors).

## V. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Plaintiff's motion for leave to amend the complaint (Doc. 67) be **DENIED**.

It is **ORDERED** that:

1. Plaintiff's motion for extension of time to file expert witness disclosures (Doc. 65) is **DENIED**.
2. Defendant's motion to strike (Doc. 70) is **GRANTED**. Accordingly, plaintiff's expert witness disclosures (Doc. 66) are **STRICKEN** from the docket of this Court.
3. Plaintiff must **SHOW CAUSE**, in writing, within **twenty (20) days** demonstrating that she is the sole beneficiary and there are no other beneficiaries or creditors to the Estate of

Constance Lowe.

Date: 10/1/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA WHITE,
Plaintiff,

vs.

GE HEALTHCARE, INC., et al.,
Defendants.

Case No: 1:17-cv-212
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).