**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DONNA WHITE,<br>Plaintiff, | Case No. 1:17-cv-212<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| GE HEALTHCARE, INC. et al.,<br>Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

This matter is before the Court following the November 14, 2019 Order, to which plaintiff has not responded.

On October 1, 2019, the Court ordered plaintiff to show cause, in writing, within twenty days demonstrating that she is the sole beneficiary of the Estate of Constance Lowe and that the Estate lacks creditors. (Doc. 75 at 8). The Court noted that consistent with Sixth Circuit precedent, "a personal representative may appear pro se on behalf of an estate *only* if he or she is the sole beneficiary of the estate and the estate has no creditors." (*Id.* at 7-8) (quoting *Estate of Bessett v. Wilmington Tr., N.A.*, No. 17-1199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017)). The Court advised plaintiff that if she is not the sole beneficiary and/or the Estate has creditors, she cannot continue to litigate this action as a pro se litigant on behalf of others' interests and must proceed through an attorney. (*Id.* at 8).

Plaintiff then provided the Court with an "entry appointing fiduciary," which is a document issued by the probate court appointing her as the administrator of the estate of Constance Lowe. (Doc. 76-1). On November 14, 2019, the Court determined that this document was insufficient to meet plaintiff's burden of establishing that she is the only beneficiary of the estate of Constance Lowe and that the Estate lacks creditors. (Doc. 80 at 2). Nevertheless, the Court granted plaintiff an additional opportunity to comply with the show cause order by

providing documentation demonstrating that she is the sole beneficiary of the Estate of Constance Lowe and that the Estate lacks creditors within twenty days. (*Id.*). To date, plaintiff has not provided the Court with this documentation.

As this Court has twice advised plaintiff, under both federal and Ohio law, she may not represent the interests of the estate of Constance Lowe as a pro se litigant. *See Thompson v. THC, Inc.*, No. C-1-07-231, 2008 WL 4449426 (S.D. Ohio Sept. 30, 2008) (Barrett, J.) (citing Ohio Rev. Code § 4705.01; *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2003)). Plaintiff also attempts to litigate this case in her personal capacity as administrator of the Estate of Constance Lowe. While plaintiff is permitted to bring this case in her own name as the administrator of the Estate pursuant to Fed. R. Civ. P. 17,[1] "the benefit of the action remains at all times with the Estate, not Plaintiff." *Thompson*, 2008 WL 4449426, at *2 (citing *Fielder v. Ohio Edison Co.*, 109 N.E.2d 855, 857 (1952), *superseded by statute on other grounds*; *Jones v. Wittenberg University*, 534 F.2d 1203, 1207-1208 (6th Cir. 1976)). Any interest that plaintiff has as an administrator is also an interest as a beneficiary of the estate. However, plaintiff has not provided the Court with documentation demonstrating that she is the sole beneficiary.[2] Plaintiff has failed to comply with the Court's October 1, 2019 and November 14, 2019 Orders by showing that she is the sole beneficiary of the Estate of Constance Lowe and that the Estate lacks creditors. Nor has new counsel entered an appearance on behalf of the Estate.[3] Therefore, plaintiff's amended complaint should be dismissed on this basis. *Id.*

---

[1] Rule 17 provides that "[t]he following may sue in their own names without joining the person for whose benefit the action is brought: (A) an executor; (B) an administrator. . . ."
[2] Indeed, the amended complaint mentions other beneficiaries besides plaintiff Donna White. (Doc. 19 at ¶¶ 59, 68, 74, 80).
[3] Plaintiff's attorneys were permitted to withdraw as counsel on March 1, 2018.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's amended complaint be **DISMISSED WITHOUT PREJUDICE.**

2. This matter be **CLOSED** and **TERMINATED** from the docket of this Court

Date: 12/27/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DONNA WHITE,
Plaintiff,

vs.

GE HEALTHCARE, INC., et al.,
Defendants.

Case No: 1:17-cv-212
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).