IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA WHITE, Individually and as
Administrator on behalf of the Estate of
Constance Lowe,

    Plaintiff,

v.

GE HEALTHCARE, INC. et al.,

    Defendants.

Case No. 1:17-cv-212

Judge Susan J. Dlott
Magistrate Judge Karen L. Litkovitz

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

This matter is before the Court on the Magistrate Judge's Report and Recommendations (Doc. 75) recommending that Plaintiff's Motion for Leave to Amend Complaint to Add New Party Defendant(s) (Doc. 67) be denied and directing Plaintiff to show cause; Plaintiff's Motion for "Intentional Spoilage of Evidence and Fraud" (Doc. 76); Defendant GE Healthcare Inc.'s Motion for Summary Judgment (Doc. 77); and the Magistrate Judge's Report and Recommendations (Doc. 81) recommending dismissal of Plaintiff's Amended Complaint (Doc. 19) for failure to show cause consistent with her prior Order (*see* Doc. 75 at PageID 698). To the latter, Plaintiff filed objections (Doc. 82)[1] to which GE Healthcare Inc. has responded (Doc. 83). For the following reasons, the Amended Complaint will be dismissed—mooting the outstanding motions.

This case was brought originally by Donna White, through counsel, as the Administrator of the Estate of Constance Lowe. (*See* Am. Compl., Doc. 19.) The Amended Complaint alleged several Ohio product liability and wrongful death claims. (*See id.*) Following the initial pretrial

---

[1] This document is styled both as "Plaintiffs' Response in Opposition to Defendants' Objections to Magistrate Judge's Memorandum and Recommendation" and as "Relief From a Judgment Order." Defendants have not filed objections to either of the Magistrate Judge's Report and Recommendations. Considering its timing and content, the Court construes this filing as objections to the most recent Report and Recommendations.

1

conference, Plaintiff's counsel moved to withdraw, which the Court allowed. (*See* Docs. 26, 32.) At this point, the Court also referred the case to the Magistrate Judge. (*See* Doc. 32.)

The Magistrate Judge issued various discovery orders and an initial Report and Recommendations (Doc. 75) recommending that Plaintiff's pro se Motion for Leave to Amend Complaint be denied. In this initial Report and Recommendations, the Magistrate Judge also directed Plaintiff to "show cause, in writing, . . . demonstrating that she is the sole beneficiary of the Estate of Constance Lowe and that the Estate lacks creditors." (Doc. 75 at PageID 698 (emphasis deleted).) This directive is consistent with Sixth Circuit precedent holding that "a personal representative may appear pro se on behalf of an estate only if he or she is the sole beneficiary of the estate and the estate has no creditors." *Estate of Bessette v. Wilmington Tr., N.A.*, No. 17-1199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017) (citing *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015)). Plaintiff responded with her motion for "Intentional Spoilage of Evidence and Fraud" (Doc. 76), which the Magistrate Judge correctly found deficient relative to the show-cause component of her Report and Recommendations. (*See* Doc. 80.) She nevertheless allowed Plaintiff additional time to comply. (*See id.*) When the extended deadline came and went with no further filings to assuage the concern raised, the Magistrate Judge recommended that the Amended Complaint be dismissed without prejudice and the case closed. (*See* Doc. 81.)

In what the Court construes as her objections to this latter Report and Recommendations, Plaintiff acknowledges up front that she "is not the sole beneficiary of the Estate of Constance Lowe, and don't understand how Plaintiff was able to become Prose [sic] in 2017." (Doc. 82 at PageID 797.)[2] In the balance of Plaintiff's objections, she alleges unethical conduct by her prior

---

[2] The hearing on her prior counsel's motion to withdraw was held March 1, 2018. During this hearing, the Court repeatedly emphasized that obtaining new counsel was critical. (*See, e.g.,* Mot. to Withdraw Hr'g Tr., Doc. 29 at

2

counsel (Anita Washington) and fraud and concealment of evidence by The Christ Hospital and certain of its physicians—the latter being proposed additional defendants referenced in Plaintiff's Motion for Leave to Amend Complaint (Doc. 67).

Plaintiff has admitted that she is not the sole beneficiary of the Estate of Constance Lowe and she is therefore prohibited under both Ohio and federal law from pursuing this action pro se on behalf of the Estate of Constance Lowe. The record reflects no appearance by counsel on her behalf. The Magistrate Judge's most recent Report and Recommendations (Doc. 81) is **ADOPTED**. Plaintiff's objections (Doc. 82) are **OVERRULED**. The Amended Complaint (Doc. 19) is **DISMISSED WITHOUT PREJUDICE**. As a result, her pending Motions for Leave to Amend Complaint (Doc. 67)[3] and "for Intentional Spoilage of Evidence and Fraud" (Doc. 76), and Defendant GE Healthcare, Inc.'s Motion for Summary Judgment (Doc. 77), are **DENIED as MOOT**. This matter shall be **CLOSED** and **TERMINATED** from the docket of the Court.

**IT IS SO ORDERED.**

Dated: Feb 12, 2020

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court

---

PageID 399) ("THE COURT: So I want to make sure you understand that the case can and will be dismissed if you don't get new counsel to represent you." MS. WHITE: Okay."). At this stage, however, interested parties Drs. Hergenrother and Stephens had not yet raised the precise legal issue with pro se representation now before the Court. (*See* Doc. 72 at PageID 681–82.)

[3] The Magistrate Judge's initial Report and Recommendations with respect to this motion (Doc. 75) is likewise moot.

3